# Thomas J. McNulty, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 10188, 29126.   Promulgated February 19, 1929.

*Harry Friedman, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, and *E. L. Corbin, Esq.*, for the respondent.

508

OPINION.

ARUNDELL: We have in this proceeding two petitions for redetermination of deficiencies for the year 1922. One petition, that in Docket No. 10188, is based on respondent's notice dated October 23, 1925, in which a deficiency of $18,033.52 was found. The other is based on respondent's notice of April 14, 1927, finding a deficiency in the amount of $23,955.74. The second petition contains the same allegation of error, though stated differently, as the earlier one and which is given as allegation of error (a) in our preliminary statement. Upon motion of counsel for respondent, the two proceedings were consolidated and we will here consider them as one proceeding involving a deficiency in the amount of $23,955.74. See *G. S. Crilly*, 15 B. T. A. 389.

On the first issue counsel for petitioner rested his case on the pleadings. The facts gathered therefrom are, in brief, that in 1922 the corporation in which petitioner was the principal stockholder declared a 130 per cent dividend and that petitioner's share thereof

was later returned by him to the corporation. There is nothing in these facts to indicate that the amount received was not a dividend.

The second claim of petitioner rests on that part of section 201(b) of the Revenue Act of 1921, which provides that:

\* \* \* Any earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, may be distributed exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed.

Under this second claim alternative arguments are made. First, that the contracts for construction work on the Field Museum represented an increase in the value of property accrued prior to March 1, 1913, which may be distributed tax-free, and, second, that the contracts were capital which the corporation is entitled to have returned before computing the earnings thereunder available for dividends.

These arguments are predicated on the idea that the contracts had a determinable value on March 1, 1913. The only evidence offered as to the value of the contracts was the testimony of petitioner, to which, for reasons here set forth, we ascribe but little weight. While petitioner has had many years experience as a contractor and was able to state the factors to be taken into consideration in computing contract prices and the profit to be realized from the performance of construction contracts, his experience in valuing contracts for purposes of purchase or sale was exceedingly limited. In fact he had participated in but one such transaction, when some 10 years prior to March 1, 1913, he had purchased a contract involving a comparatively small amount. At that time, according to the testimony, labor and material costs were radically different from what they were in 1913. Moreover, the contingencies involved in these contracts can not be overlooked. It was not known at March 1, 1913, when construction would begin, but it was known that in all likelihood it would not be for several years, due to the necessity of securing authorization for location on the newly proposed site and other delays incident to the change of location. Further, the corporation could not assign the contracts except with the consent of the other contracting party. These considerations lead us, in weighing the evidence, to seriously doubt the soundness of the conclusion of the witness, and we are not convinced that the contracts had the value claimed for them.

But, aside from this, and assuming that the contracts did have some value, on the authority of the decided cases we would still be compelled to deny the relief sought. In *Edwards* v. *Kieth*, 231 Fed. 110, and *Woods* v. *Lewellyn*, 252 Fed. 106, the question here presented was decided adversely to petitioner's claims. In the latter case the court found that the taxpayer " had a property right that had value."

In *W. F. Workman*, 14 B. T. A. 1414, the March 1, 1913, value of the anticipated receipts was determined. In all of these cases it was uniformly held that the amounts received after March 1, 1913, pursuant to contracts entered into before that date, were income in their entirety, regardless of whether or not the contracts had a measurable value on that date. In some of the decided cases at least a part of the service contracted for had been rendered. Here, no part of the corporation's obligation under the contract had been performed; the contract was wholly executory, and the compensation entirely contingent.

*Judgment will be entered for the respondent.*

*Harry Friedman, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.